Chief Justice Robertson
delivered the opinion of the Court.
The plaintiff brought an action of covenant against the defendant for the non-payment of $300 In “commonwealth’s paper.”
The defendant filed a special plea averring that the plaintiff having obtained a judgment against Henry Morehead as principal and against himself (the defendant,) and others as sureties, for $798 debt, with legal interest from the 3d day of February, 1823, until paid; the covenant sued on, was executed in consideration thereof and for no other consideration; and that after-wards a fieri facias (which issued on the judgment,) having been levied on a carriage and two horses and *60 servant in the possession of Morehead, the plaintiff, without the defendant’s assent, released the said pro1 perty, and took a bond, signed by Morehead and his wife for the amount of the judgment, and in satisfaction thereof, whereby, the sureties were released.
The execution of a bond by principal and his wife, for the-amount of a judgment vs him and his sureties, is not per se, a legal satisfaction of thejudgment.
If the principal/and other sureties in a judgment be in doubtful circumstances the release of a surety m the judgment is a valuable consideration sufficient to sustain a bond, executed by the released surety, to pay a part of the judgment.
A demurrer to this plea, having been overruled, the plaintiff replied, that the covenant sued on, was executed in consideration of a release which he gave to the defendant, exonerating him from his responsibility under the judgment.
The circuit court sustained a demurrer to this replication, and thereupon, the plaintiff having failed to plead over, judgment was rendered against him.
Whether or not, the circuit court erred in its decisions on the demurrers, is the only question presented for consideration.
The alleged execution of the bond by Morehead and wife, was, per se, no legal satisfaction of the j udgment against Morehead and his sureties*
That the sureties were released, is the deduction merely of the defendant, from the fact, that the bond was given; no such legal consequence resulted. The plea does not aver that there was any formal release. As a plea of accord and satisfaction, or of a release, , the special plea is insufficient.
But, if the plea had been good, the replication would he equally so.
The defendant was liable for the whole amount of the judgment.
If, as may- be inferred, thé- principal and his other sureties were in doubtful circumstances, a release of the defendant was a valuable consideration of gain to him, and of probable loss to the plaintiff. By the terms of the release,, as it is described in the replication, the only effect intended by It, was to let the defendant out. If the plaintiff could ever make the amount of his judgment or any portion of it out of the other parties, so far he would sustain a Joss.. If he should, happen to make the amount, he would thereby gain.' And it was not material to the defendant, whether or not the plain-, tiff should ever enforce his judgment against the other *61 parties to it; nor how much, or how little he should happen to make out of them. He (the defendant,) was willing to pay ‡300, in commonwealth’s paper, to be exonerated, and perhaps he made a very prudent and advantageous contract. If he should not be held responsible on his covenant, the plaintiff might loose the whole amount of his judgment.
Crittenden, for plaintiff; Mills and Brown. for defendant.
It does not appear that the bond given by Morehead has ever been paid. And, therefore, if the covenant by the defendant should have the effect of a payment “pro tanto'’’ of the judgment, the execution of the bond by the principal, would not deprive the defendant of his recourse. And in that aspect of the case, the plaintiff would only have too separate covenants, in part, for the same debt.
But there is nothing in the pleadings which would authorize the inference that the covenant by the defendant, was intended as a part payment of the judgment. On the contrary, the averments tend to show, that the only consideration for it, was the advantage to the defendant, and the risk to the plaintiff resulting fiom releasing the defendant from the judgment. What effect that release may have as to the other parties to the judgment, we cannot now determine.
If, however, it should release the other parties, surely the covenant should be enforceable. And if the judgment has not been released, still as the "release of the defendant was a valuable consideration, we could not admit, from any thing which now appears to us, that the payment of the amount of the judgment by the principal, could affect the defendant’s liability on his covenant.
Wherefore, the judgment of the circuit'court is reversed, and the cause remanded, with instructions to overrule the demurrer to the replication.